[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-14784
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 9, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 99-00325-CR-WBH-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARSHALL NEWSOME,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(January 9, 2009)

Before CARNES, HULL and WILSON, Circuit Judges.

PER CURIAM:

Marshall Newsome appeals his six-month sentence imposed upon revocation

of his supervised release under 18 U.S.C. § 3583(e)(3). Newsome argues that his sentence was unreasonable. After review, we affirm.

In 2000, Newsome was convicted of conspiracy to commit medicaid fraud, mail fraud, money laundering and conspiracy to commit money laundering and was sentenced to 96 months' imprisonment and 3 years' supervised release. In addition, Newsome was ordered to pay $12,700,000 in restitution. One of Newsome's terms of supervised release required him to provide full financial disclosure to his probation officer and not incur any new lines of credit without his probation officer's prior approval. Newsome served his prison term and, on November 26, 2007, began serving his term of supervised release.

On July 31, 2008, the district court revoked Newsome's supervised release on the ground that, in December 2007 and February 2008, Newsom opened new lines of credit to purchase two cars, one for $38,661 and the other for $52,913, without first obtaining his probation officer's approval. The district court imposed a six-month sentence, within the guideline range of three to nine months imprisonment. In light of Newsome's health problems, the district court recommended Newsome serve his sentence in a medical facility. Newsome filed this appeal.

"Pursuant to 18 U.S.C. § 3583(e), upon finding that the defendant violated a

condition of supervised release, a district court may revoke the term of supervised release and impose a term of imprisonment after considering the specific factors set forth in 18 U.S.C. § 3553(a)."[1]  United States v. Velasquez Velasquez, 524 F.3d 1248, 1252 (11th Cir. 2008).  The district court must also consider the policy statements in Chapter 7 of the Sentencing Guidelines, one of which provides recommended, non-binding ranges of imprisonment.  United States v. Silva, 443 F.3d 795, 799 (11th Cir. 2006).

"We review the sentence imposed upon the revocation of supervised release for reasonableness."  Velasquez Velasquez, 524 F.3d at 1252.[2]  A reasonableness review is synonymous with the abuse of discretion standard.  Gall v. United States, 552 U.S. ___, ___, 128 S. Ct. 586, 594 (2007); United States v. Pugh, 515 F.3d 1179, 1190 (11th Cir. 2008).  The party challenging the sentence bears the burden of showing that it is unreasonable.  United States v. Talley, 431 F.3d 784, 788

---

[1]The factors the district court considers include: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (4) the kinds of sentences and sentencing range established by the Guidelines; and, in the case of a violation of supervised release, (5) the applicable Guidelines or policy statements issued by the Sentencing Commission.  18 U.S.C. § 3553(a); United States v. Sweeting, 437 F.3d 1105, 1107 (11th Cir. 2006).

[2]Although the district court did not elicit objections as required by United States v. Jones, 899 F.2d 1097, 1102 (11th Cir. 1990), overruled on other grounds by United States v. Morill, 984 F.2d 1136, 1137 (11th Cir. 1993) (en banc), remand is not warranted because the record on appeal is sufficient for meaningful appellate review.  See United States v. Campbell, 473 F.3d 1345, 1348 (11th Cir. 2007).

(11th Cir. 2005).

The parties agreed that, with a Grade C violation and a criminal history category of I, Newsome's recommended guidelines range under advisory Chapter 7 was three to nine months' imprisonment. See U.S.S.G. § 7B1.4(a). Newsome's maximum statutory term of imprisonment upon revocation of supervised release was two years. See 18 U.S.C. § 3583(e)(3).

Newsome has not shown that his six-month sentence, within the advisory guidelines range, was substantively unreasonable. Within the first three months of his supervised release, Newsome violated a supervised release term by opening new credit lines without his probation officer's permission, and he used these accounts to obtain expensive cars while he owed $12,700,000 in restitution. At the time of the revocation hearing, he had not made any payments toward his restitution. Further, Newsome offered no explanation for failing to obtain his probation officer's prior approval.

The record does not support Newsome's claim that the district court considered only his failure to pay restitution in arriving at the six-month sentence. The dialogue between the court and the parties shows that the court also considered Newsome's arguments in mitigation, including Newsome's health problems, the fact that his brother was the source of the funds used to pay for the vehicles and the

circumstances surrounding Newsome's purchase of the two vehicles. The district court stated that, although Newsome had received help in making his car payments, Newsome did not appear to be taking the terms of his supervised release seriously and should have advised his probation officer of his plan to purchase the vehicles and applied some of the money to his restitution. We cannot say the district court abused its discretion in imposing a six-month sentence.

**AFFIRMED.**